USA v. Kamasinski                    CR-96-140-M    12/17/97
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                              Criminal No. 96-140-1-M

Theodore Kamasinski


                         **O R D E R**


     Although the pleadings are not entirely clear, it appears
that the government retains possession of items of personal
property (audio cassette tapes) obtained by grand jury subpoena
that belong to the defendant.  It also appears that the property
is not being held in connection with an ongoing grand jury
investigation, or an investigation by federal law enforcement
authorities, or in connection with an ongoing or contemplated
federal prosecution.

     The government takes the view that because the tapes were
obtained from a third person the government may keep them, even
though they belong to the defendant (which the government does
not seem to seriously contest).  The government also seems to say
that, although the tapes do not qualify as contraband under any
federal law, because they may constitute contraband under, or may
be evidence of a violation of, state (New Hampshire) law, the
United States Attorney may keep them.  (There is no suggestion
that state authorities are either aware of the tapes or are
investigating or contemplating prosecution based on that evidence
or defendant's activities.)

Not wishing to appear unreasonable, the government says that should defendant provide it with citations to legal authorities holding that the government cannot keep property seized pursuant to grand jury subpoena after all investigations and related prosecutions are complete; if the property is evidence of possible state crimes, it will gladly consider that authority.

The burden should fall the other way — the Fifth Amendment precludes government seizure of private property without due process of law . . . "nor shall private property be taken for public use, without just compensation."  Neither party has offered much by way of thorough legal analysis, but the controversy is straightforward enough:  The government is holding Kamasinski's personal property, and he wants it back.

Accordingly, the government shall, on or before January 16, 1998, either:

1.  File a well-supported legal memorandum describing the legal authority under and purpose for which it continues to hold defendant's property; or

2.  Commence an appropriate condemnation, forfeiture, or other proceeding with respect to securing a legitimate possessory right to the property; or

3.  Return the property to defendant; or

4.  Surrender the property to state law enforcement officials as potential evidence of state crimes, for appropriate state consideration and disposition.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

2

December 17, 1997

cc:  Arnold H. Huftalen, Esq.
     Theodore Kamasinski